UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA BRETING, ) ) ) PLAINTIFF, ) ) v. ) ) ZWICKER & ASSOCIATES, ) P.C., ) ) DEFENDANT, ) | Civil Action No._____ |

## COMPLAINT

Plaintiff, Diana Breting, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Zwicker & Associates, P.C.. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

2. Venue in this District is proper because Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Diana Breting ("Plaintiff") is an individual and resident of Cook County, Florida and is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4.	Defendant, Zwicker & Associates, P.C., ("Defendant" ) is a professional corporation engaged as a "debt collector" as defined by and within the meaning of the FDCPA, and is engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone. This Defendant may be served at its place of business located at 7366 N. Lincoln Ave., Suite 404, Lincolnwood, IL 60712.

## FACTS

5.	Some time before March 11, 2010, Plaintiff incurred a financial obligation for a Discover credit card associated with Acct# XXXX-XXXX-XXXX-0195 for charges she incurred for household and personal purposes via use of the card ("alleged debt"), and said obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6.	Due to her financial circumstances, Plaintiff could not pay the alleged debt.

7.	Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to Integrity Financial Partners, Inc. ("Integrity") for collection from Plaintiff.

8.	Integrity is a "debt collector" as defined by and within the meaning of the FDCPA, and is engaged in the business of collecting debts in this State, including collecting defaulted consumer debts from consumers in this State.

9.	At all times relevant hereto, Debt Rescue Central, a debt settlement company, was acting as Plaintiff's authorized agent for the purpose of settling her debts.

10. At all times relevant hereto, Integrity was acting as an authorized agent on behalf of Discover in its attempts to collect the alleged debt from the Plaintiff, and Discover authorized Integrity to bring about collection of the alleged debt.

11. On or around March 11, 2010, via negotiations with Plaintiff through Debt Rescue Central, Discover (aka DFS Services LLC) agreed to accept $3,322.23 as settlement in full on the alleged debt ("Agreement"), on substantially the following terms excerpted from a letter from Integrity to the Plaintiff:

> **Integrity Financial Partners, Inc. has been authorized by DFS Services LLC to accept $3,322.23 as settlement in full, on the above-mentioned account. If $500.00 is paid by the date of 3/31/10, $705.56 is paid by the 15th of April 2010 through July 2010.**

(Exhibit A, copy of letter from Integrity to Plaintiff dated March 11, 2010).

12. On March 11, 2010, an authorized agent or employee of Debt Rescue Central named Mike Duhig had a telephone conference with an agent or employee of Integrity, after receiving said March 11, 2010 letter from Integrity.

13. During the pendency of the March 11, 2010 telephone conference with said Integrity agent, Mr. Duhig asked the Integrity agent or employee if Integrity could modify the payment dates from the 15th to the 30th of each month due to the fact that the Plaintiff makes payment to her Debt Rescue Central escrow account on the 20th of each month. The Integrity agent or employee agreed that Plaintiff could make the settlement payments by the 30th of each month, and that all other terms of the Agreement would remain the same.

14. Plaintiff timely paid $500.00 toward the alleged debt, to Integrity before March 30, 2010, the deadline imposed by Integrity under the Agreement. (Exhibit B, copy of $500.00 check paid by the Plaintiff toward the alleged debt).

15. Plaintiff timely paid $705.56 toward the alleged debt to Integrity in April, 2010, in accordance with the Agreement terms. (Exhibit C, copy of $705.56 check paid by the Plaintiff toward the alleged debt on April 22, 2010).

16. Plaintiff timely paid $705.56 toward the alleged debt to Integrity in May, 2010, in accordance with the Agreement terms. (Exhibit D, copy of $705.56 check paid by the Plaintiff toward the alleged debt on May 17, 2010). In making the payments to Integrity that she did, Plaintiff complied with all of her responsibilities under the Agreement, and had not in any way defaulted on the Agreement.

17. On or around May 17, 2010, Plaintiff received a letter from Zwicker & Associates, P.C. ("Zwicker"), a debt collection law firm, stating that Plaintiff owed a balance of $10, 574.09 on the alleged debt. (Exhibit E, copy of Letter from Zwicker dated May 1, 2010).

18. On or around May 17, 2010 Debt Central employee Mike Duhig ("Mr. Duhig") contacted Zwicker via telephone on behalf of the Plaintiff. Upon being connected to an agent or employee of Zwicker who identified himself as "Tom Clancy", Mr. Duhig explained that an agreement was executed between Discover and Plaintiff to settle the debt for $3,322.23.

19. In response, Mr. Clancy told Mr. Duhig, *inter alia*, that Zwicker would not honor the Agreement, and that $10,574.09 is due from the Plaintiff.

20. On or around June 9, 2010, Mr. Duhig had a telephone conference with an agent or employee of Integrity's Compliance Department who identified herself as "Galena". During the pendency of the conference, Galena told Mr. Duhig that Discover

retrieved the debt from Integrity on April 10, 2010, and that the payments made by Plaintiff toward the alleged debt had been applied to the original balance due of $11,074.09.

21. Discover continues to attempt collection of the alleged debt from the Plaintiff through its agent Zwicker, which at all times relevant hereto was duly authorized by Discover to bring about collection of the alleged debt.

22. Upon information and belief, Zwicker has not contacted Discover to inquire whether a settlement agreement pertaining to the alleged debt had in fact been executed between Discover and Plaintiff, and Zwicker continues to attempt collection of the alleged debt in an amount which greatly exceeds the settlement amount that was agreed upon between Discover and Plaintiff.

23. As recently as September 9, 2010, Zwicker employee "Tom Clancy" confirmed in a telephone conference with Mr. Duhig that it was still collecting on the alleged debt, and that Discover would settle the alleged debt for $7,331.00.

24. As indicated by the letter from Integrity sent on behalf of Discover, Plaintiff and Discover agreed to settle the alleged debt for $3,322.23. (Exhibit A, copy of letter from Integrity to Plaintiff dated March 11, 2010).

25. Plaintiff has paid $1,911.12 toward the alleged debt since the execution of the Agreement.

26. Plaintiff owes only $1,411.11 on the alleged debt. Defendant has refused to accept and apply payments from Plaintiff under the Agreement terms, despite Plaintiff's attempts to make said payments.

27. Defendant continues to attempt collection of the alleged debt from the Plaintiff in the amount of $7,331.00—almost $6,000.00 more than the Plaintiff owes.

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

28. Plaintiff incorporates paragraphs 1-27.

29. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

   a) Defendant violated 15 U.S.C § 1692d when Defendant oppressively attempted to collect an amount of money from Plaintiff that she did not owe;

   b) Defendant violated 15 U.S.C § 1692e when Defendant falsely and deceptively claimed that Plaintiff owed an amount on the alleged debt that she did not owe;

   c) Defendant violated 15 U.S.C § 1692e when Defendant falsely stated that Plaintiff owed a debt in an amount that she did not owe;

   d) Defendant violated 15 U.S.C § 1692e(2) when Defendant falsely stated that Plaintiff owed a debt in an amount that she did not owe;

   e) Defendant violated 15 U.S.C. § 1692e(10) by falsely representing that Plaintiff owed a debt in an amount that she did not owe;

   f) Defendant violated 15 U.S.C. § 1692f when it unfairly attempted to collect a debt from Plaintiff in an amount that she did owe;

   g) Defendant violated 15 U.S.C. § 1692f (1) when it unfairly attempted to collect a debt from Plaintiff in an amount that she did owe, that was not permitted by law nor authorized by agreement;

30. As a direct and proximate result of one or more of the statutory violations above, Plaintiff has suffered actual damages, including but not limited to suffering embarrassment, emotional distress, loss of sleep, insomnia, anxiety, nervousness, fear,

worry, loss of concentration mental anguish, and financial damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

b. Actual damages suffered by the Plaintiff;

c. Plaintiff's attorney fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo
Attorney for Plaintiffs
**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Ste. 555
Chicago, IL  60601
Tele. 773-847-2600
Fax.  773-847-0330

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in this action.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, documents, and all other things that relate to Plaintiff, and to any other consumer treated as Plaintiffs were treated, and also to preserve all of Defendant's policies, practices and procedures that relate in any way to the allegations made in this Complaint. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo